1    **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9    Jesus Alfonso Galindo-Adarga,          )    CASE NO.  05-CV-0533-TUC-FRZ
                                            )              04-CR-2234-TUC-FRZ
10                     Petitioner,          )
                                            )    **ORDER**
11   vs.                                    )
                                            )
12                                          )
     United States of America,              )
13                                          )
                       Respondent.          )
14                                          )
                                            )
15

16        Petitioner has filed a "Motion to Vacate, Set Aside or Correct Sentence by a Person

17   in Federal Custody (28 U.S.C. § 2255)."

18        Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States

19   District Courts provides, in relevant part, that

20            [i]f it plainly appears from the motion, any attached exhibits,
              and the record of prior proceedings that the moving party is not
21            entitled to relief, the judge must dismiss the motion and direct
              the clerk to notify the moving party.
22
     28 U.S.C. foll. § 2255.
23
                                    **Background**
24
          Pursuant to a plea agreement, Petitioner entered a plea of guilty to Count Two of the
25
     Indictment, which charged him with knowingly and intentionally possessing with the intent
26
     to distribute approximately 11.06 kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1)
27
     and (b)(1)(A)(ii)(II).
28

1          Pursuant to the plea agreement, Petitioner waived "any and all motions, defenses,

2   probable cause determinations, and objections which [he] could assert to the indictment or

3   to the Court's entry of judgment against [him] and imposition of sentence upon [him]

4   consistent with [the plea] agreement."   In addition, Petitioner waived "any right to

5   collaterally attack [his] conviction and sentence under Title 28, United States Code, Section

6   2255."

7          The plea agreement provided for a sentencing range of 57-71 months.  The United

8   States reserved the right to withdraw from the plea agreement if Petitioner received a

9   sentence of less than fifty-seven months.  The Court imposed a sentence of fifty-seven

10  months, the lowest possible sentence under the plea agreement.

**Discussion**

**A.      Downward Departure**

13         In his motion, Petitioner seeks a reduction of his sentence based on his minor role in

14  the offense, claiming that the Court "incorrectly determined" his role in the offense.  This

15  claim is waived pursuant to the plea agreement.  Moreover, this claim is not the proper

16  subject of a § 2255 motion. *See Lizarraga-Lopez v. United States*, 89 F. Supp. 2d 1166, 1168

17  (S.D. Cal. 2000) (section 2255 motion facially deficient when petitioner "seeks a downward

18  departure, which is within the sentencing court's discretion but which does not implicate

19  constitutional or jurisdictional issues with regard to his conviction or sentence.").  Finally,

20  the Court did not "incorrectly" determine Petitioner's role in the offense.  The Court did not

21  need to determine Petitioner's role in the offense before sentencing him to the lowest

22  sentence available under the plea agreement.

**B.      Ineffective Assistance of Counsel**

**1.      Ineffective Assistance in Plea Agreement**

25         It appears Petitioner is asserting a claim of ineffective assistance of counsel related

26  to his decision to plead guilty.  Petitioner alleges that "defense counsel misrepresented and

27  misadvised the plea to defendant about the condition of his plea bargain when specifically

28  enquired by defendant, in as much as counsel knew that defendant's whole behavior and

1   guilty plea was structured to avoid a plea agreement that would not result in a long sentence

2   or prison time" and that Petitioner "detrimentally rel[ied] on counsel's advice, [and] pled

3   guilty to the charge."

4        When a defendant pleads guilty based upon the advice of counsel, the defendant can

5   "'only attack the voluntary and intelligent character of the guilty plea by showing that the

6   advice he received from counsel'" was outside "'the range of competence demanded of

7   attorneys in criminal cases'" **and** was prejudicial. *Hill v. Lockhart*, 474 U.S. 52, 56-59, 106

8   S. Ct. 366, 369-70, 88 L. Ed. 2d 203 (1985) (quoting *Tollett v. Henderson,* 411 U.S. 258,

9   267, 93 S. Ct. 1602, 1608, 36 L. Ed. 2d 235 (1973*)*, and *McMann v. Richardson,* 397 U.S.

10  759, 771, 90 S. Ct. 1441, 1449, 25 L. Ed. 2d 763 (1970)). "[T]o satisfy the 'prejudice'

11  requirement, the defendant must show that there is a reasonable probability that, but for

12  counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."

13  *Id.* at 59, 106 S. Ct. at 370.

14       Petitioner does not specify what advice counsel gave that fell outside the range of

15  competence for criminal attorneys.  Moreover, Petitioner faced a significantly more serious

16  sentence had he been found guilty after a trial.  He does not dispute that his Base Offense

17  Level was 32, that he was eligible for a two-level reduction under the Safety Valve, and that

18  he had a Criminal History I.  Under the Sentencing Guidelines, the sentencing range for an

19  Offense Level 30 and Criminal History I is 97-121 months.  Petitioner has failed to

20  demonstrate any reasonable probability that, when his "whole behavior" was structured to

21  avoid a long prison sentence, he would have proceeded to trial facing a sentencing of 97-121

22  months, rather than accept a plea agreement which capped his sentence at 71 months.[1]

23  Accordingly, Petitioner's claim fails.  *See Pollard v. White*, 119 F.3d 1430, 1435 (9th Cir.

24  1997) (Court "do[es] not have to evaluate both prongs of the [*Strickland*] test if the defendant

25  fails to establish one.").

26

27

28       [1]Moreover, had Petitioner proceeded to trial, he would have also faced trial on Count
    One of the Indictment – importation of approximately 11.06 kilograms of cocaine.

1       **2.**  **Ineffective Assistance at Sentencing**

2     Petitioner alleges that he was denied the effective assistance of counsel at sentencing

3 because his attorney failed to investigate and present mitigating evidence at sentencing and

4 seek a downward departure based on the fact that he was the sole caretaker and sole source

5 of economic support for his family.  He also alleges that his attorney was ineffective for

6 failing to seek a downward departure based on his compliance with a "Fast Track" program,

7 his compliance with an "Early Disposition" program, and the fact that his conduct was

8 aberrant behavior.

9     To prevail on a claim of ineffective assistance of counsel, Petitioner must show both

10 that his counsel's representation fell below an objective standard of reasonableness **and** that

11 counsel's deficient performance prejudiced the defense.  *Strickland v. Washington*, 466 U.S.

12 668, 687-88, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984).

13     First, Petitioner's attorney argued in his sentencing memorandum that the Court

14 should consider the issues identified by the Probation Officer regarding Petitioner's aberrant

15 conduct and significant family ties and responsibilities.  Second, the Court actually did depart

16 pursuant to the plea agreement "based on § (5K3.1) Early Disposition Program and savings

17 to the government by early plea and waiver of appeal."[2]  Finally, Petitioner's attorney

18 repeatedly urged the Court to adopt the Probation Officer's recommendation and sentence

19 Petitioner to fifty-seven months' imprisonment, the lowest sentence under the plea

20 agreement.  The Court did.

21     Had Petitioner's attorney sought, and the Court imposed, a sentence below fifty-seven

22 months, the United States would have had the right under the plea agreement to withdraw

23 from the plea agreement.  Had the United States done so, the Sentencing Guideline range

24 would have been significantly higher.  Additionally, there was no guarantee that the Court

25 would have opted to depart based on the claims Petitioner raises and no guarantee that the

26 Court would have imposed a sentence of less than fifty-seven months.  Therefore, seeking

27

28    [2]Petitioner's plea agreement was designated as a "Fast Track 5K3.1" plea agreement.

1 | a sentence below fifty-seven months ultimately could have resulted in a sentence that was

2 | significantly longer than the sentence actually imposed.

3 |      Petitioner's counsel's conduct was not unreasonable under the circumstances.

4 | Accordingly, Petitioner's ineffective assistance claim fails. *See Pollard.*

5 |

6 | **Conclusion**

7 |      Accordingly,

8 |

9 |      **IT IS ORDERED** that Petitioner's § 2255 Motion (U.S.D.C. document #23 in

10 | CR-04-2234-TUC-FRZ) is **DENIED** and this case (CV-05-533-TUC-FRZ) is **DISMISSED**.

11 |

12 |      **IT IS FURTHER ORDERED** that the Clerk of the Court **SHALL SERVE** a copy

13 | of the Motion and this Order on Respondent and **SHALL SERVE** a copy of this Order on

14 | Petitioner.

15 |      DATED this 26th day of September, 2005.

FRANK R. ZAPATA
United States District Judge

- 5 -